# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**New York District Office**
33 Whitehall St ,5th Floor
(929) 506-5270
Website:  www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Ms. Brittany E. Hope
63 North 3rd Street 401
BROOKLYN, NY 11249

Re: Ms. Brittany E. Hope v. AMAZON, INC.
EEOC Charge Number: 520-2021-03135

EEOC Representative and email:   Loresa Lockett
Investigator
loresa.lockett@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By:Judy Keenan
02/02/2022

Judy Keenan
District Director

CC:

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.  Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 520-2021-03135 to the District Director at Judy Keenan, 33 Whitehall St 5th Floor New York, NY 10004. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.